**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| GERSHOM BROWN, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| NEIL WARREN, et al., | : | CIVIL ACTION NO. |
|    Defendant. | : | 1:14-CV-0596-TWT-JFK |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Plaintiff, Gershom Brown, confined in the Cobb County Adult Detention Center ("Detention Center") in Marietta, Georgia, has submitted a *pro se* civil rights action. Plaintiff has paid the filing fee, and the matter is before the Court on the complaint, (Doc. 1), for screening under 28 U.S.C. § 1915A.

**I.    28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When "an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner

cannot state a claim," dismissal is required. Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2007) (citing Jones v. Bock, 549 U.S. 199, 920-21 (2007)).

## II.   Discussion

Plaintiff brings this action against Sheriff Neil Warren, Officer Antley, and Officer Brinson. (Doc. 1 at 1). Plaintiff alleges that Antley and Brinson took the following actions, without reason and without giving Plaintiff any order. (Id. at 5-6). On February 21, 2014,[1] Antley opened Plaintiff's cell and tried, unsuccessfully, to mace Plaintiff. Antley then slapped Plaintiff and used "excessive force" such that Antley and Plaintiff both fell to the ground. Brinson then choked Plaintiff from behind and turned Plaintiff to the side while Antley struck Plaintiff repeatedly in the face and head. Brinson continued to choke Plaintiff and sprayed Plaintiff in the face with pepper spray until Plaintiff was handcuffed. (Id.). Plaintiff asserts that his back was injured and that he was subjected to cruel and unusual punishment and seeks damages. (Id. at 6).

As to the pursuit of prison grievance procedures, Plaintiff states that the Detention Center has a grievance procedure; that he took the "steps" of filing a

---

[1] The year of the incident is presumed to be 2014 based on Plaintiff's statement that he has been in the Detention Center since August 2013. (See Doc. 1 at 4).

2

grievance and speaking with the administrative staff on February 24, 2014; and that "the result" was that he appealed the findings and filed his federal law suit. (Id. at 3-4). Plaintiff submitted his current action for filing on February 24, 2014. (Id. at 7).

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] prisoner must exhaust all available administrative remedies *before* bringing a federal action challenging prison conditions." Parzyck v. Prison Health Servs. Inc., 627 F.3d 1215, 1217 (11th Cir. 2010) (emphasis added); see also McDaniel v. Crosby, 194 F. App'x 610, 613 (11th Cir. 2006) ("To the extent [plaintiff] relies upon the [administrative] grievances and appeals he submitted after filing his initial complaint, such grievances and appeals cannot be used to support his claim that he exhausted his administrative remedies, because satisfaction of the exhaustion requirement was a precondition to the filing of his suit, and, thus, must have occurred before the suit was filed."). Although lack of exhaustion is an affirmative defense and a prisoner is not required to plead exhaustion in his complaint, dismissal under §

3

1915A(b) is proper when "lack of exhaustion appears on the face of the complaint."[2] Cole v. Sec'y Dep't of Corr., 451 F. App'x 827, 828 (11th Cir. 2011) (citing Jones, 549 U.S. at 214-16); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (same).  Under § 1997e, "[a] district court must dismiss the suit when it finds that the plaintiff-inmate has not exhausted his administrative remedies." Chandler v. Crosby, 379 F.3d 1278, 1286 (11th Cir. 2004).

Plaintiff's allegations indicate that he filed his grievance appeal and this action on the same day, February 24, 2014, three days after the alleged incident.  This action should be dismissed without prejudice as it is apparent from the face of his complaint that Plaintiff did not await the result of his appeal before seeking federal relief and that he did not exhaust his administrative remedies before filing suit.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** without prejudice.

---

[2]Anderson v. Donald, 261 F. App'x 254, 255 (11th Cir. 2008) ("[T]he conclusion that exhaustion is not a pleading requirement 'is not to say that failure to exhaust cannot be the basis for dismissal for failure to state a claim.'" (quoting Jones, 549 U.S. at 921).

4

The Clerk of Court is **DIRECTED** to withdraw the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 15th day of April, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)